IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DARYAL THOMAS NELSON, JR. #R6781               PLAINTIFF

VERSUS                CIVIL ACTION NO. 3:09cv59-HTW-LRA

CHRISTOPHER EPPS,
MARYLIN PHILPOT,
FRANKLIN BREWER
and ALICIA BOX                                 DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, sua sponte, for consideration of dismissal. Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. In his complaint, the Plaintiff states that he is an inmate incarcerated in the Stone County Regional Correctional Facility, Wiggins, Mississippi. The named Defendants are Christopher Epps, Marylin Philpot, Franklin Brewer, and Alicia Box. The Plaintiff seeks as relief that his sentence be correctly calculated reflecting that he has served his sentence and therefore, he should be released immediately.

Background

The Plaintiff states that on April 21, 2008, he was sentenced to 20 years with 11 years being suspended. Additionally, the Plaintiff also claims that the sentencing judge ordered that he receive credit on his sentence for "all time previously served on the charge." The Plaintiff claims that he had nine years to serve on said sentence and reducing the sentence with the credit he should receive for time previously

served on the same charge he has served a total of nine years and seven months.[1] Therefore, the Plaintiff argues that he has served his sentence and should be released.

However, according to the Plaintiff, the Mississippi Department of Corrections' (MDOC) Record Department has failed to correctly calculate his sentence and has continued to incarcerate him even though he has fully served his sentence. Consequently, the Plaintiff has filed the instant civil action pursuant to 42 U.S.C. § 1983.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case. As discussed below, the Plaintiff's § 1983 action at this time fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The Plaintiff states that the times he has previously served on this charge are as follows: July 3, 1998-July 17, 2000; November 12, 2000-September 10, 2001; December 26, 2001-April 14, 2003; May 2003-May 9, 2007; and June 12, 2007 to present.

Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). The Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. See id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)).

If proven, the Plaintiff's claim, that MDOC is incorrectly calculating his sentence and that he should be released, could result in the Plaintiff receiving an early release. With this in mind, this Court has determined that the Plaintiff must first pursue this cause by filing a petition for habeas relief.

Since the Plaintiff must pursue this matter through habeas corpus, the Plaintiff is required to exhaust his available state remedies prior to filing a petition for habeas relief in this Court. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983). Having reviewed the allegations of the complaint [1] and his response [7], this Court finds that there are no allegations asserted that establish that the Plaintiff has presented this claim to the highest state court. In fact, the Plaintiff states in his response [7] that the Circuit Court of Stone County, the sentencing court, has pending before it a petition for habeas relief. Consequently,

the Plaintiff has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Once he has exhausted his available state remedies, and if he does not receive the requested relief in state court, the Plaintiff may then file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court.

## Conclusion

Liberally construing this complaint, this Court finds that Plaintiff is putting into issue the fact of his confinement. Consequently, the Plaintiff has failed to present a claim on which relief may be granted pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## Three-strikes

Since this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it will be counted as a "strike".[2] If the Plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

---

[2] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A final judgment in accordance with this memorandum opinion and order shall issue.

This the 18th day of June, 2009.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

CIVIL ACTION NO.  3:09cv59-HTW-LRA

Memorandum Opinion and Order